Bernard **REYNOLDS**, as Judge of Probate of Dallas County, Alabama, et al., Plaintiffs,

v.

Nicholas **KATZENBACH**, As Attorney General of the United States, et al., Defendants (two cases).

Civ. A. Nos. 3922–65, 3923–65.

United States District Court
S. D. Alabama, S. D.

Nov. 23, 1965.

C. B. Arendall, Jr., Thomas G. Greaves, Jr., Mobile, Ala., T. G. Gayle, Selma, Ala., Richard H. Poellnitz, Greensboro, Ala., William B. Arbuthnot, Marion, Ala., for plaintiffs.

John Doar, Asst. Atty. Gen., Civil Rights Division, Dept. of Justice, Washington, D. C., for defendants.

Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and THOMAS, District Judge.

PER CURIAM:

These causes are submitted for decree upon the motions of the plaintiffs for temporary restraining orders, interlocutory injunctions, or other appropriate remedy, which we construe to include a declaratory judgment, and upon the motion of the defendant, Attorney General of the United States, for a preliminary injunction against the plaintiff Probate Judges. The plaintiff Probate Judges have been enjoined by the circuit courts of their respective judicial circuits from placing on the official voting lists of their counties the names furnished to them by the federal examiners, appointed by the Attorney General pursuant to the provisions of section 4 of the Voting Rights Act of 1965, 79 Stat. 437. They come to this Court alleging that they are confronted with conflicting demands and requirements and that "in the absence of relief at the hands of this Court each of them will suffer great and irreparable

injury and damage, on the one hand, by reason of the penalties of non-compliance contained in said Voting Rights Act, to-wit: five years in jail or $5000.00 fine, or both, for each offense, and, on the other hand, compliance with said Voting Rights Act would constitute direct violation of the aforesaid permanent injunctions issued by the said Circuit Courts of the State of Alabama."

In their complaints the plaintiff Probate Judges offer to do equity. In addition to their specific prayers for injunction, the plaintiff Probate Judges pray generally "that they be granted such other, further and general relief as the Court may deem just, equitable and proper in the premises, including (in view of the imminence of the election of November 30, 1965) such temporary restraining orders and interlocutory injunctions as the Court may deem meet and proper."

By way of counterclaim filed in Civil Action No. 3923–65, the defendant, Attorney General of the United States, prays for a preliminary and permanent injunction enjoining the plaintiff Probate Judges, *inter alia,* from failing to place upon the official voting lists of the respective counties the names of all persons heretofore or hereafter certified and transmitted by federal voting examiners as the names of persons eligible to vote. In his said counterclaim, the Attorney General of the United States alleges that, "Unless restrained by order of this Court, the plaintiff probate judges will continue in their failure and refusal to place upon the official voting lists of their respective counties the names of the eligible persons certified and transmitted by the examiners." There has been no substantial evidence introduced upon this hearing to prove the last quoted averment of the counterclaim of the Attorney General of the United States. To the contrary, the plaintiff Probate Judges have themselves invoked the jurisdiction of this Court and prayed for equitable relief and offered to do equity and have shown no spirit of recalcitrance.

 Upon these interlocutory motions, we must assume the Voting Rights Act of 1965 to be constitutional and valid. Section 14(b) of that Act provides, as follows:

"(b) No court other than the District Court for the District of Columbia or a court of appeals in any proceeding under section 9 shall have jurisdiction to issue any declaratory judgment pursuant to section 4 or section 5 or any restraining order or temporary or permanent injunction against the execution or enforcement of any provision of this Act or any action of any Federal officer or employee pursuant hereto."

Under that section, it is clear that the injunctions, preliminary and permanent, entered by the respective State circuit courts on or about September 11, 1965 and October 18, 1965 against the Probate Judges, plaintiffs in the present cases, in Dallas County in the case of Alabama ex rel. Wallace v. Reynolds; in Hale County in the case of Alabama ex rel. Wallace v. Knight; in Marengo County in the case of Alabama ex rel. Wallace v. Westbrook; in Perry County in the case of Alabama ex rel. Wallace v. Barton; in Wilcox County in the case of Alabama ex rel. Wallace v. Dannelly; and in Lowndes County in the case of Alabama ex rel. Wallace v. Hammond, enjoining said Probate Judges from giving full force and effect to the lists of eligible voters transmitted by federal voting examiners, and each of said judgments are void, null and of no effect.

It is therefore ordered, adjudged and decreed by this Court that the said injunctions, preliminary and permanent, entered by the respective State circuit courts enjoining the Probate Judges, plaintiffs in this case, from giving full force and effect to the lists of eligible voters transmitted to them by the federal examiners were entered by a court or courts without jurisdiction and are entirely null, void and of no effect. Said judgments will afford the said Probate Judges no defense against the penalties prescribed by the Voting Rights Act of 1965. It is the duty of the plaintiff Probate Judges, and of each of them, to

595

comply in all respects with the Voting Rights Act of 1965. This Court does not anticipate that any attempt will be made to punish the Probate Judges, plaintiffs in this case, for carrying out said duties, and thus violating the injunctions issued by said State circuit courts, but retains full jurisdiction to protect the said plaintiff Probate Judges from any and all action that might be taken under said injunctions and for the entry of any other and further orders that may appear appropriate or necessary. The Court retains jurisdiction for all other purposes.